**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| D.O. Jane Doe,<br><br>                    Plaintiff(s),<br><br>vs.<br><br>State of Nevada, Ex. Rel., Dep't of Health & Hum. Servs. Div. of Child and Family Servs. et al.,<br><br>                    Defendant(s). | 2:23-cv-01929-APG-MDC<br><br>**Order** |

Pending before the Court is plaintiffs' *Motion for Leave to Proceed in Pseudonym* (ECF No. 3). The Court GRANTS the Motion.

## BACKGROUND

The plaintiffs filed a *Motion for Leave to Proceed in Pseudonym* (ECF No. 3). Plaintiffs argue that anonymity is required because of the "intimate nature of the circumstances leading to plaintiffs' injuries.: ECF No. 3 at 1. The case before the Court involves the sexual assault of a minor. Plaintiffs move to proceed under a pseudonym to protect the victims right to privacy and to avoid further trauma to the victims by being named as victims of sexual assault. *Id.* The defendants have not opposed the Motion. The Court balanced the need for anonymity against the public's interest in knowing the parties' identities and found that the need for anonymity outweighed the public's interest. The Court discusses its analysis below.

## DISCUSSION

**I.   Legal Standard**

Federal Rules of Civil Procedure Rule 10(a) commands that the title of every complaint must name all the parties. "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts have granted exceptions under limited circumstances. Courts balance the need for anonymity against the

general presumption that parties' identities are public information and the risk of unfairness to the opposing party. *Does I thru XIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000). The Ninth Circuit has not adopted any specific set of factors that courts must consider when a plaintiff requests anonymity based on the alleged humiliation, embarrassment or mental distress that she will suffer by public disclosure of her identity. *Doe v. JBF RAK LLC*, 2014 U.S. Dist. LEXIS 146985, at 9 (D. Nev. Oct. 15, 2014). In general, federal courts balance the severity of emotional distress or mental injury the plaintiff appears likely to suffer against the unfairness or prejudice that defendant will suffer if plaintiff is allowed to proceed anonymously, and the public's interest in knowing the identities of all litigants. *Id.* Courts applying the balancing test have recognized three situations allowing a plaintiff to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Advanced Textile Corp.,* 214 F.3d at 1068. The Court in *Advanced Textile* held that "[i]n this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of a party's identity is necessary to protect a person form harassment, injury, ridicule, or personal embarrassment." *Id.* at 1067-68. The decision of whether to allow a party to proceed anonymously is committed to the Court's discretion. *Id.* at 69.

**II.     Plaintiff's Need for Anonymity**

Plaintiffs filed a *Motion for Leave to Proceed in Pseudonym* (ECF No. 3) regarding their Complaint (ECF No. 1). Plaintiffs wish to proceed under pseudonym to prevent further trauma to the plaintiffs by being publicly named as victims of sexual assault. ECF No. 3. As plaintiffs indicate, the victims have since either attended various therapy sessions or have been admitted to various mental health facilities. ECF No. 3 at 3. The Court has typically allowed plaintiffs to proceed anonymously when the matter is sensitive and highly personal in nature. *Advanced Textile Corp.,* 214 F.3d at 1068. Plaintiffs' main argument that the "need for anonymity is overwhelming" rests on the fact that the victims were

minors. ECF Nos. 1 and 3. The Ninth Circuit has typically allowed minors who are victims of sexual assault to proceed under a pseudonym. *See Cara v. Salley*, 2023 U.S. Dist. LEXIS 199161, at 3 (W.D. Wash. Nov. 6, 2023) (plaintiffs may proceed under a pseudonym when asserting a claim based on sexual abuse or assault, especially where the plaintiff was a minor when the assault allegedly occurred.) The plaintiffs have laid out reasonable grounds for proceeding under a pseudonym to protect the mental health and privacy of the minors; however, the Court must still balance the need for anonymity against the prejudice to the opposing party and the public's interest in knowing the identities of all litigants. *JBF RAK LLC*, 2014 U.S. Dist. LEXIS 146985, at 4.

//

### III.    Prejudice to Opposing Party

Plaintiffs assert that their "interest in privacy is met with a complete lack of prejudice to Defendant's being required to refer to plaintiffs as Does and it will not hinder Defendant's ability to investigate the circumstances of the claim, nor to present a defense." ECF No. 3 at 3. Defendants have not asserted any prejudices they may experience if plaintiffs are allowed to proceed under a pseudonym. Even if defendants opposed the *Motion for Leave to Proceed Under a Pseudonym* (ECF No. 3), the Court finds that the personal harm outweighs any potential prejudice to defendants. *See Roe v. Richardson*, 2023 U.S. Dist. LECIS 153941, at 3 (D. Nev. Aug. 30, 2023).

### IV.    Public Interest in Knowing Party's Identity

Plaintiffs assert that though the "interest of the public in knowing the facts of this litigation is not inconsequential, there is no public right that would be infringed upon by allowing plaintiffs to proceed as Does because referring to them as such does not affect the presentation of the facts in this case." ECF No. 3 at 3. While the public has some interest in plaintiffs' true identities, "there is also a strong public interest in encouraging victims of sexual assault to come forward and bring claims against their assailants," and "[t]he use of a fictitious name is in the public interest where it enables a plaintiff to bring a claim that would otherwise be deterred." *Cara v. Salley*. 2023 U.S. Dist. LEXIS 199161, at 6 (D. Nev. Nov. 6, 2023)

(citing *J.I. v. United States*, 2018 U.S. Dist. LEXIS 49646, at 2 (E.D. Cal. March 23, 2018). Thus, any interest that the public may have in knowing plaintiffs' actual identities is outweighed by their need for anonymity. *Cara*, 2023 U.S. LEXIS 199161, at 6; *see, e.g., Roe as next friend for Pia v. Richardson*, No. 2:23-CV01199-JCM-NJK, 2023 U.S. Dist. LEXIS 153941, at 1 (D. Nev. Aug. 30, 2023). The Court finds that the risk of personal harm to the plaintiffs outweighs the public interest in knowing the identities of all litigants.

ACCORDINGLY,

IT IS ORDERED that plaintiffs' *Motion to Proceed Under a Pseudonym* (ECF No. 3) is GRANTED.

DATED this 8th day of February 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge