UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| D.O. JANE DOE, K.Y. JANE DOE, L.O. JANE DOE, L.O.J. JOHN DOE, and P.K. JANE DOE,<br><br>Plaintiffs<br>v.<br><br>COUNTY OF CLARK, and STACEY SILVERSTEIN,<br><br>Defendants | Case No.: 2:23-cv-01929-APG-MDC<br><br>**Order Denying Defendants County of Clark and Stacey Silverstein's Motion to Dismiss**<br><br>[ECF No. 42] |

Plaintiffs D.O. Jane Doe (D.O.), K.Y. Jane Doe (K.Y.), L.O. Jane Doe (L.O.), L.O.J. John Doe (L.O.J.), and P.K. Jane Doe (P.K.) sue defendants County of Clark and Stacey Silverstein under 42 U.S.C. § 1983. The defendants move to dismiss the claims in the first amended complaint (FAC) brought by D.O., K.Y., L.O., and P.K. (but not L.O.J.), arguing that these plaintiffs' claims are barred by the applicable statute of limitations. The plaintiffs oppose the motion, arguing that D.O.'s claim was timely filed, and K.Y., L.O., and P.K. are entitled to tolling of the limitation period under an insanity exception. Alternatively, they argue that even if K.Y., L.O., and P.K. do not qualify for the insanity exception, equitable tolling should apply to their claims. In reply, the defendants concede that D.O.'s claim is timely filed. But they argue that the plaintiffs fail to provide adequate facts to plausibly allege that K.Y., L.O., and P.K. qualify for the insanity exception. They also assert that the plaintiffs do not allege adequate facts for equitable tolling to apply.

Because the defendants concede that D.O.'s claim was timely filed, I deny the motion to dismiss her claims. I deny the defendants' motion as to K.Y., L.O., and P.K. because the

plaintiffs have alleged enough facts to constitute a plausible claim for tolling under the insanity exception.

## Background

D.O., K.Y., L.O., L.O.J., and P.K. are siblings who share the same mother. ECF No. 21 at 3, 5. In October 2010, P.K. reported to her school principal that her stepfather, Lorenzo Oliver, sexually abused her. *Id.* at 4. The principal met with P.K.'s four other siblings who attended the same school, and K.Y. admitted to the principal that Oliver had also sexually abused her, as had her mother's then-boyfriend, Timothy Ward. *Id.* The principal contacted Clark County Child Protective Services (CPS) and North Las Vegas Police Department (NLVPD), and the responding NLVPD officers then interviewed the children. *Id.* at 4-5. K.Y., L.O., and P.K. told an NLVPD officer that Oliver had raped them. *Id.* at 5. K.Y. reported to the officer that Ward had also sexually abused her. *Id.* CPS investigator and defendant Stacey Silverstein then arrived on scene and was briefed on what happened to K.Y., L.O., and P.K. *Id.* Silverstein and CPS were aware of three prior CPS cases of the children being inadequately supervised. *Id.* Silverstein retained custody of them at the school until he released them to Ward, "[n]otwithstanding K.Y.'s report" that Ward was abusing her. *Id.*

After releasing the children to Ward, Silverstein and CPS failed to check in with them, and Ward resumed abusing K.Y. *Id.* at 6. The children were also left alone in their apartment unsupervised for weeks while Ward and their mother were in jail. *Id.* In December 2010, K.Y. reported to her teacher that Ward was still sexually abusing her. *Id.* The school contacted NLVPD and CPS, CPS took the children into custody, and they were later placed into foster homes. *Id.* While CPS had custody over the children but before they were placed in foster homes, K.Y. became aware that she was pregnant from being raped by Ward and notified a CPS

employee of her condition. *Id.* at 6-7.  The CPS employee then "forced K.Y. to sign paperwork and have an abortion, informing her that if she did not have the abortion, she would be considered a legal adult at the age of 11 and, upon the birth of her child, the state would take the child from her." *Id.* at 7.

The plaintiffs "have all undergone therapy for the abuse and trauma they endured" and have "all . . . suffered from severe and disabling mental, emotional, and cognitive issues as a result of the horrific nature of abuse." *Id.*  Moreover, the plaintiffs "at various times, and to certain degrees, have been diagnosed/experience symptoms of guilt, anxiety, PTSD, bi-polar [disorder], schizophrenia[,] embarrassment, depression, and fear." *Id.*  These conditions have impacted, and continue to impact, the plaintiffs' management of their lives. *Id.*  Specifically, K.Y. has been diagnosed with and treated for conditions including schizophrenia, anxiety disorders, PTSD, and insomnia. *Id.*  She has undergone inpatient treatment at mental hospitals throughout her adolescent and adult life for these conditions and continues to be prescribed medication for these illnesses. *Id.*  She has received Social Security disability benefits since February 28, 2013, and up until January 10, 2024, because of these conditions. *Id.*  Her illnesses and efforts to seek treatment have prevented her from gaining and retaining steady employment. *Id.* at 7-8.  Similarly, L.O. was committed to a psychiatric hospital when she was 17 and she continues to seek therapy. *Id.* at 8.  She has struggled with retaining employment due to her ongoing need for and efforts to seek out therapy and related medical treatment for her enduring trauma. *Id.* at 8.  Finally, P.K. has suffered from severe physical and mental issues for which she has received treatment. *Id.*

/ / / /

/ / / /

3

**Discussion**

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and interpret the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). At this stage, a plaintiff must allege facts sufficient for a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the facts allow me to draw reasonable inferences that the defendant is liable. *Id.* This means I may grant a motion to dismiss a complaint as time-barred only if the running of the statute of limitation is "apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (quotation omitted). Thus, I cannot dismiss a complaint unless the plaintiff undoubtedly fails to allege any set of facts proving the timeliness of their claim. *United States v. Page*, --- F.4th ----, 2024 WL 4159967, at *3 (9th Cir. Sept. 12, 2024).

For claims arising under 42 U.S.C. § 1983, federal law borrows state law statutes of limitations, "including any tolling provisions." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020). Section 1983 claims are deemed "personal injury actions for statute of limitations purposes." *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997). In Nevada, the limitation period for a personal injury action is two years. Nev. Rev. Stat. (NRS) § 11.190(4)(e). However, the statute of limitations is tolled if the individual bringing the claim is (1) under the age of 18, (2) insane, or (3) in the custodial care of the state. NRS § 11.250. The Supreme Court of Nevada has noted that "insanity" includes a "mental disability resulting in the inability to manage one's affairs." *Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1062 n.23 (Nev. 2007) (en banc).

The plaintiffs filed this complaint on November 20, 2023. ECF No. 1. K.Y. was born in 1999 and turned 18 in 2017, so her two-year limitation period expired in 2019. ECF No. 16-2. Similarly, L.O. was born in 2000 and turned 18 in 2018, so her limitation period expired in 2020. ECF No. 16-3. Finally, P.K. was born in 2002 and turned 18 in 2020, so her limitation period expired in 2022. ECF No. 16-4. Consequently, K.Y., L.O., and P.K.'s claims are time-barred under NRS § 11.190(4)(e) unless (1) the limitation periods were tolled under NRS § 11.250 after the plaintiffs reached the age of majority, or (2) equitable tolling applies.

K.Y., L.O., and P.K. have plausibly alleged that they qualified for the insanity exception under NRS § 11.250, thus preventing their claims from being time-barred. The complaint alleges that all the plaintiffs have suffered from severe and disabling mental, emotional, and cognitive issues resulting from the abuse and trauma they endured. As to when, the complaint notes that the plaintiffs, "at various times, and to certain degrees," have been diagnosed or experienced various symptoms and mental health disorders that have affected and continue to affect their lives. *Id*. Taking these allegations and all reasonable inferences as true, the plaintiffs have plausibly alleged that they all experienced severe, disabling mental health issues up to and at the time of filing.

The plaintiffs have also alleged how their mental and physical illnesses, including treatment for these conditions, have long impacted their ability to fundamentally manage their affairs. This has included hospitalizations, failing to gain financial stability, and failing to obtain and retain employment. The defendants note that the plaintiffs have not specified the dates of certain facts, including alleged diagnoses and treatment periods. But the FAC notes that the plaintiffs' mental illnesses arose while they were minors and continued up to the time of filing. ECF No. 21 at 7-8 (noting that the plaintiffs developed their conditions as a result of the abuse

before turning 18, and that their mental conditions "ha[ve], and continue[] to, affect their abilities to manage [their] lives"). Thus, it is not clear from the face of the FAC that the plaintiffs do not qualify for the insanity exception. Because the plaintiffs allege sufficient facts to make a plausible argument for tolling under NRS § 11.250, I deny the defendants' motion to dismiss.

Finally, because "the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quotation omitted). Because the plaintiffs have plausibly alleged that the limitation periods should be tolled, I do not need to address equitable tolling at this stage of the proceedings.

## Conclusion

I THEREFORE ORDER that defendants County of Clark and Stacey Silverstein's motion to dismiss **(ECF No. 42) is DENIED.**

DATED this 18th day of September, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE