UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| D.O. Jane Doe, et al., <br><br> Plaintiff(s), <br><br> vs. <br><br> County of Clark, et al., <br><br> Defendant(s). | 2:23-cv-01929-APG-MDC <br><br> ORDER |

Pending before the Court is plaintiff's *Motion to Amend* (ECF No. 94). For the reasons stated below, the Court GRANTS the motion to amend.

**DISCUSSION**

**I. BACKGROUND**

The underlying claims of this case are brought under the *Monell* theory of liability. Plaintiffs allege that defendants Clark County Department of Family Services and Social Worker Stacy Silverstein for mishandled plaintiffs' care and supervision while they were wards/foster children of the County of Clark. Plaintiffs now seek leave to amend the Complaint. Specifically, plaintiffs seek to amend the complaint to (1) clarify and streamline the relevant facts after reviewing thousands of juvenile records produced reflecting the handling of Plaintiffs' foster cases; (2) add Social Workers Roseanne Wood, Darin Taylor, Nadine Carter, Kaitlin Amaya, Valerie Shyface, Natasha Webster, and Staci Brean, as Defendants to this action; and (3) add additional claims for relief under the already plead statute 42 U.S.C. 1983 based the discovered fact pertaining to the handling of Plaintiffs' foster cases, including Unwarranted Medical Examinations/ Procedures, Failure to Provide Dependent Minor Continued Safety, Security, Adequate Care and Supervision, and Violation of Federal Statute. *ECF No. 94*.

**II. LEGAL STANDARD**

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P.

15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### III. ANALYSIS

#### A. Bad Faith or Dilatory Motive

The first factor courts consider is bad faith and/or dilatory motive. "[B]ad faith is not simply bad judgment or negligence, but rather implies the conscious doing of a wrong because of dishonest purpose or moral obliquity…it contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Manchester Farming P'Ship*, 315 F.3d 1176, 1185 (9th Cir. 2003) (internal citations omitted). In the context of a motion for leave to amend, "bad faith" means acting with intent to deceive, harass, mislead, delay, or disrupt. *Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir.

2006); *see Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) (internal citations omitted). "[B]ad faith or dilatory motive may be demonstrated by actions demonstrating gamesmanship…but when a plaintiff can provide a satisfactory explanation for its delay, and there is no evidence in the record that would indicate wrongful motive, there is no cause to uphold the denial of a leave to amend on the basis of bad faith or undue delay." *Ernest Bock, LLC v. Steelman*, 2021 U.S. Dist. LEXIS 75614, at *14 (D. Nev. April 20, 2021) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)) (internal quotations omitted). Because defendants do not argue, and because the Court must grant all inferences in favor of allowing amendment, the Court finds that bad faith does not exist. *See Holland v. Pinnacle Servs. Inc.*, 2023 U.S. Dist. LEXIS 156336, at *12-13 (D. Nev. July 25, 2023) (citing *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir.1999)). Therefore, the Court finds that this factor weighs in favor of amendment.

**B. Undue Delay**

The second factor courts consider is undue delay. In evaluating whether a Motion to Amend is timely, courts consider (1) whether the amendment was sought before the amended pleadings deadline in a scheduling order **and** (2) "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal citations omitted). "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir.1981); *see also Morongo Band of Mission Indians*, 893 F.2d 1074, 1079 (9th Cir.1990).

The motion is timely as to the first consideration. The deadline to amend pleadings and add parties was May 6, 2025. *See ECF No. 80.* Plaintiffs filed their *Motion to Amend* (ECF No. 94) on May 6, 2025. Because plaintiffs sought to amend the complaint before the deadline expired, the motion is timely. Therefore, this factor weighs in favor of amendment, at least on this consideration.

The motion is timely as to the second consideration. Defendants argue that plaintiffs were not diligent in seeking amendment. *ECF No. 97 at 7-8.* Defendants argue that "[p]laintiffs have had the

pertinent information for these alleged claims for years, but at least since the onset of litigation." *Id. at 7*. Defendants are correct that the Ninth Circuit has recognized that "[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." *Snow Covered Cap., LLC v. Fonfa*, 2024 U.S. Dist. LEXIS 16006, at *5 (D. Nev. Jan. 30, 2024) (citing *E.E.O.C. v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir. 1988)). "[L]eave to amend should not be denied, however, if the movant offers a satisfactory reason for waiting to amend." *Snow Covered Cap., LLC*, 2024 U.S. Dist. LEXIS 16006, at *5. Plaintiffs reason they waited to amend until they had appropriate evidence upon which to base the new claims (ECF No. 98). *See DCD Programs*, 833 F.2d at 187 ("[A]ppellants have offered a satisfactory explanation for their delay in naming HFB as a defendant, i.e., they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct."); *see also Story v. Midland Funding LLC*, 2016 U.S. Dist. LEXIS 139781, 2016 WL 5868077, at *4 (D. Or. Oct. 7, 2016) (allowing amendment to add TCPA claims based on information obtained in discovery and noting that, "[a]lleging new claims based on new information does not cause undue delay, even if some of the facts underlying the new claims were available to [Plaintiff] when she filed her initial complaint."). Because plaintiff has provided a satisfactory explanation, and because the Court grants all inferences in favor of amendment, the Court finds that this factor weighs in favor of amendment.

**C. Prejudice**

The third factor courts consider prejudice to the opposing party. "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31, 28 L. Ed. 2d 77, 91 S. Ct. 795 (1971)). "The party opposing amendment bears the burden of showing prejudice." *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a

dilatory maneuver in bad faith, it is an abuse of discretion to deny [a motion to amend]." *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

Defendants argue that they will be prejudiced because they will have to conduct discovery on the new claims and start over. *ECF No. 97.* That is not sufficient and does not meet the burden of showing undue prejudice. *See Underwood v. O'Reilly Auto Enter., LLC*, 342 F.R.D. 338, 343 ("[I]t is undue prejudice that warrant denial of leave to amend…Hence, non-movant must show 'substantial prejudice or substantial negative effect' if the amendment is allowed."). As plaintiffs have pointed out, discovery has not yet closed and the parties may still move to extend discovery, if needed. Therefore, the court does not find defendants will face undue prejudice. Thus, this factor weighs in favor of amendment.

**D. Futility**

The fourth factor is futility of amendment. To the extent defendants believe that some of plaintiffs' claims may be barred by statute of limitations or futile, this is better raised in a motion to dismiss. The Court defers addressing the sufficiency of plaintiff's proposed claims at this time, under the motion to amend rubric, because defendants may seek dismissal after the amendment is filed. *See Nev. Power Co. v. Trench Fr.*, 2020 U.S. Dist. LEXIS 53860, at *4 (D. Nev. March 24, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, at *2 (D. Nev. Oct. 16, 2015). Accordingly, this factor weighs in favor of amendment.

//

//

//

### E. Prior Amendments

This is plaintiffs' first request to amend the Complaint. Thus, this factor weighs in favor of amendment. Cf., Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) (looking to a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed").

## IV. CONCLUSION

Because there is no bad faith, undue delay, and undue prejudice, the Court finds that these factors weigh in favor of amendment. Furthermore, because futility arguments are better raised in a motion to dismiss and because this is plaintiffs' first motion to amend, the Court finds that these factors also weigh in favor of amendment.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Amend* (ECF No. 94) is GRANTED.

2. Plaintiff shall file the Amended Complaint by no later than **June 27, 2025**.

DATED this 20th day of June 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge