**PANISH | SHEA | RAVIPUDI LLP**
WYATT VESPERMANN, ESQ. (#16335)
11111 Santa Monica Blvd. #700
Los Angeles, California 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
wvespermann@panish.law

**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ. (#6711)
CORY M. FORD, ESQ. (#15042)
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
cory@lagomarsinolaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| D.O. JANE DOE, an individual; K.Y. JANE DOE, an individual; L.O. JANE DOE, an individual; L.O.J. JOHN DOE, an individual; P.K. JANE DOE, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF CLARK, a political subdivision of the State of Nevada; ROSEANNE WOOD, an individual; DARIN TAYLOR, an individual; NADINE CARTER, an individual; STACEY SILVERSTEIN, an individual; KAITLIN AMAYA, an individual; VALERIE SHYFACE, an individual; NATASHA WEBSTER, an individual; STACI BREAN, an individual,<br><br>Defendants. | CASE NO.: 2:23-cv-01929-APG-MDC<br><br>**FIFTH AMENDED STIPULATION AND ORDER MODIFYING SCHEDULING ORDER AFTER HEARING**<br><br>**(Fifth Request)**<br><br>Hearing: September 23, 2026<br>Time: 10:30 a.m.<br>Courtroom: 3C |

The parties, through counsel, stipulate to the following amended scheduling order to implement the Court's September 23, 2026 ruling and accommodate the Third Amended Complaint, service of newly added defendants, and further discovery.

## I. BACKGROUND

On September 23, 2026, the Court granted in part and denied in part the Stipulation Regarding Discovery Dispute (ECF No. 136) and denied as moot Plaintiffs' Motion to Extend Time (ECF No. 135). ECF No. 143.

The relief granted included modification of the scheduling order to permit a Third Amended Complaint adding defendants, assistance by Defendants in locating proposed newly added defendants, and a new discovery schedule accommodating their addition. Defendants' written compromise proposed amendment, reopening discovery, assistance locating newly named defendants to expedite service and answers, and supplementation of expert opinions. ECF No. 136 at 21-22, paragraphs 10-13.

This stipulation implements that relief. It replaces the applicable deadlines in ECF No. 132 and the October 16, 2026 dispositive-motion deadline established by ECF No. 142.

## II. AMENDMENT AND SERVICE

### A. Third Amended Complaint

Plaintiffs may file their Third Amended Complaint adding defendants and related allegations arising from the Twelfth and Thirteenth Supplemental Disclosures on or before November 10, 2026, without a further motion for leave. The amendment and joinder deadline is reopened for that purpose. Any later amendment or joinder remains subject to the applicable rules and further court order.

### B. Assistance Locating New Defendants

Plaintiffs shall promptly identify to defense counsel the individuals they intend to add. Within 14 days after receiving that identification, Defendants shall make reasonable, diligent efforts to locate those individuals and provide Plaintiffs' counsel with available last-known addresses and other information reasonably useful for service. Defense counsel shall also advise whether counsel is authorized to accept service for any such individual. Defendants shall promptly supplement that information as additional information becomes available through completion of service. Personal

contact information shall be exchanged privately and used for this litigation, subject to applicable protective orders.

**C. Service and Responses**

Plaintiffs shall complete service on the newly added defendants, or obtain and file their waivers of service, by January 25, 2027. This date provides 75 days from the November 10, 2026 amendment deadline. Defendants shall respond within the time provided by Rules 12 and 15, including any applicable waiver-of-service period, unless otherwise ordered.

**III. LR 26-3 DISCLOSURES**

**A. Discovery Completed**

The parties have exchanged initial and supplemental disclosures, written discovery and responses, and thousands of pages of records. All five Plaintiffs have been deposed and undergone Rule 35 examinations. Fact depositions include Natasha Webster, Stacey Silverstein, Kaitlin Amaya, and Valerie Shyface. The parties have exchanged initial and rebuttal expert disclosures under the prior schedule.

**B. Discovery Remaining**

Remaining discovery includes written discovery and depositions concerning newly added defendants, related witnesses, and the records in the Twelfth and Thirteenth Supplemental Disclosures. It also includes the agreed continuation of Natasha Webster's deposition, the uncompleted deposition of Michelle Kariuki, appropriate Rule 30(b)(6) discovery, and third-party records, including relevant juvenile court records.

Expert discovery includes initial disclosures for the newly added defendants, supplemental opinions addressing the additional records and claims, rebuttal disclosures, and remaining expert depositions, including Richard Shaw, Paula Rohde, Jan Roughan, Pamela J. Miller, Jayme Neiman-Kimel, and Kathleen Hartmann, to the extent not already completed.

**C. Reasons for the Revised Schedule**

The April 22 and May 18, 2026 supplemental productions, the resulting amendment and service of additional defendants, and the need for those defendants to participate in discovery require a coordinated schedule. The parties presented the dispute before the August 19, 2026

discovery cutoff, and the Court resolved it at the September 23 hearing. The schedule below implements that ruling and allows the new parties time to participate in fact and expert discovery.

The proposed discovery cutoff is approximately 180 days after February 16, 2027, the anticipated response date if a new defendant is personally served on January 25, 2027. These are planning assumptions. Actual response dates remain governed by the rules. The fixed discovery deadlines below do not change automatically if service, a waiver, or a response occurs on a different date.

## IV. STIPULATED DEADLINES

The following schedule applies to all parties, including newly added defendants. All fact and expert discovery must be completed by the discovery cutoff.

| **Event** | **Deadline** |
|---|---|
| Third Amended Complaint | November 10, 2026 |
| Service deadline on newly added defendants or filing of waivers | January 25, 2027 |
| Initial expert disclosures for newly added defendants and supplemental expert disclosures for all parties | May 18, 2027 |
| Rebuttal and supplemental rebuttal expert disclosures | June 17, 2027 |
| Close of all fact and expert discovery | August 16, 2027 |
| Dispositive motions | September 15, 2027 |
| Joint pretrial order | October 15, 2027 |
| Trial-ready date, subject to the Court's setting | December 14, 2027 |

Initial and supplemental expert disclosures are due 90 days before the discovery cutoff, with rebuttal disclosures 30 days later, leaving 60 days for expert depositions. These dates permit supplementation by all parties consistent with the relief granted at the hearing.

If dispositive motions are filed, the joint pretrial order deadline is suspended until 30 days after decision on those motions or further court order. The trial-ready date is a planning date. Trial will be set by the Court.

**V. IMPLEMENTATION**

Discovery is reopened upon entry of this order. The parties may proceed with discovery among existing parties while the Third Amended Complaint and service are completed. New defendants shall receive this order with the amended complaint and may obtain prior discovery under LR 26-5. The parties shall confer promptly after their appearance about remaining discovery and any necessary adjustment to this schedule. Any adjustment requires court approval.

Previously completed discovery remains effective. Further examinations of previously deposed witnesses remain subject to the Federal Rules, agreement of the parties, or further court order. The parties shall continue timely supplementation under Rule 26(e).

Discovery may involve privileged or trial-preparation materials. Subject to any existing court-ordered procedure, a party withholding responsive material on that basis shall serve a privilege log complying with Rule 26(b)(5)(A) with the corresponding response or production and supplement it with later withholdings. The parties shall confer about any proposed alternative procedure.

Except as expressly modified here, prior orders remain in effect. The September 23, 2026 ruling continues to govern the discovery dispute, including the disposition of sanctions and other relief requested in ECF No. 136.

**IT IS SO STIPULATED AND AGREED.**

DATED: October 20, 2026.

**PANISH | SHEA | RAVIPUDI LLP**

I certify that Artificial Intelligence was used to prepare the foregoing document.

/s/ Wyatt Vespermann
WYATT VESPERMANN, ESQ. (#16335)
11111 Santa Monica Blvd. #700
Los Angeles, California 90025
Attorneys for Plaintiffs

DATED: October 20, 2026.

**OLSON CANNON & GORMLEY**

/s/ Stephanie M. Zinna
STEPHANIE M. ZINNA, ESQ. (#11488)
NATASHA SHARMA, ESQ. (#16320)
9950 W. Cheyenne Ave.
Las Vegas, Nevada 89129
Attorneys for Defendants

**ORDER**

The foregoing stipulation is approved. Plaintiffs may file the Third Amended Complaint by November 10, 2026. Discovery is reopened, and the deadlines and obligations above are adopted as the Court's amended scheduling order.

**IT IS SO ORDERED.**

_______________________________
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: October 26, 2026